IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID LUCAS and SUSAN LUCAS,
personally and as the next
friend of their natural
children, TAYLOR B. LUCAS
and BLAIR N. LUCAS,

    Plaintiffs,

v.                                    Civil Action No. 5:06CV154
                                                    (STAMP)

UNITED FABRICATING, INC.,
a Pennsylvania corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S PARTIAL MOTION TO DISMISS AND
DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM**

I. Procedural History

The plaintiffs, David Lucas and his wife, Susan Lucas, commenced this wrongful termination action in the Circuit Court of Ohio County, West Virginia. The plaintiffs allege that Mr. Lucas's former employer, United Fabricating, Inc. ("UFI"), unlawfully terminated his employment as a Plant Manager at UFI's Triadelphia, West Virginia facility. In a twelve-count complaint, the plaintiffs assert various claims against UFI including, but not limited to, breach of contract, retaliatory discharge, violation of the Americans with Disabilities Act, loss of spousal and parental consortium, and tort of outrage. UFI filed an answer, affirmative defenses and a counterclaim. In the counterclaim, UFI alleges that Mr. Lucas breached a duty of loyalty by usurping one of UFI's job

opportunities for himself.  Pursuant to 28 U.S.C. §§ 1441 and 1332(a)(1), UFI removed the action to this Court.  Currently before the undersigned are UFI's fully briefed partial motion to dismiss and the plaintiffs' fully briefed motion to dismiss defendant's counterclaim.

## II. Facts

David Lucas began employment with UFI at UFI's Triadelphia, West Virginia facility on or about October 12, 1992.  By letter dated April 6, 2005, UFI terminated Mr. Lucas's employment effective April 10, 2005.  The plaintiffs make numerous claims in support of their allegation that Mr. Lucas was wrongfully terminated.[1]

First, the plaintiffs contend that UFI terminated Mr. Lucas in retaliation for damaging testimony he provided against UFI in a wrongful termination action filed by former UFI employee, Kurt Latour.  Next, the plaintiffs allege that Mr. Lucas was terminated in retaliation for filing a worker's compensation claim for a back injury that he sustained on the job.  The plaintiffs also claim that UFI terminated Mr. Lucas's employment in violation of the Americans with Disabilities Act because he suffered from an

---

[1] In addition to their wrongful termination claims, the plaintiffs also allege that UFI breached a contract with Mr. Lucas for the sale of its assets at the Triadelphia, West Virginia division and that UFI did not pay Mr. Lucas his full wages and commissions within 72 hours of discharge in violation of West Virginia Code § 21-5-4(e).  These allegations are not the subject of a motion to dismiss and will not be further addressed herein.

2

anxiety/panic attack disorder and seizure disorder. Further, the plaintiffs claim that UFI terminated Mr. Lucas's employment in violation of a ten-year employment contract that UFI allegedly entered into with Mr. Lucas on April 10, 2000.

The plaintiffs assert that as a direct and proximate result of UFI's acts and omissions, David Lucas has sustained damages, Susan Lucas has suffered a loss of spousal consortium and Taylor and Blair Lucas, the children of David and Susan Lucas, have suffered a loss of parental consortium.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for

3

resolving a contest about the facts or the merits of the case.  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id. § 1356, at 298.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325.  A dismissal under Rule 12(b)(6) is granted only in cases in which the facts as alleged in the complaint clearly demonstrate that the plaintiff does not state a claim and is not entitled to relief under the law.  5A  Wright & Miller, supra § 1357, at 344-45.

### IV.  Discussion

A.  Defendant's Partial Motion to Dismiss

In its partial motion to dismiss, UFI argues that Count V (Wrongful Discharge: Human Rights Act and Americans with Disabilities Act), Count IX (Loss of Spousal Consortium), Count X

4

(Loss of Parental Consortium), and Count XI (Tort of Outrage) of the plaintiffs' complaint fail to state a claim upon which relief can be granted. The plaintiffs concede that their Americans with Disabilities Act ("ADA") claim should be dismissed for failure to exhaust administrative remedies because they did not file a claim with the Equal Employment Opportunity Commission before pursuing the matter in federal court. Accordingly, the portion of Count V that alleges a violation of the ADA is dismissed.[2] The plaintiffs also concede that Count XI, their tort of outrage claim, should be dismissed because the method by which Mr. Lucas was terminated was not outrageous. Accordingly, Count XI of the complaint is also dismissed.

The plaintiffs oppose, however, the dismissal of their loss of consortium claims. UFI contends that both the loss of spousal consortium and loss of parental consortium claims must be dismissed for failure to state a claim because the plaintiffs do not allege that UFI caused Mr. Lucas any physical injury. The plaintiffs argue that mental and emotional injuries are sufficient to support claims for loss of consortium.

A cause of action for loss of consortium recognizes a legally protected interest in personal relationships. 41 Am. Jur. 2d

---

[2]The plaintiffs assert claims under both the ADA and the West Virginia Human Rights Act ("WVHRA") in Count V of the complaint. Because UFI has not moved to dismiss the WVHRA claim, that portion of Count V remains.

5

Husband and Wife § 212. West Virginia law permits a cause of action for both loss of spousal consortium and loss of parental consortium. See Shreve v. Faris, 111 S.E.2d 169 (W. Va. 1959); Belcher v. Goins, 400 S.E.2d 830 (W. Va. 1990). Spousal consortium "is a right, arising from the marital union, to have performance by a spouse of all duties and obligations assumed by the marital relationship, including the right to society, companionship and services." Shreve, 111 S.E.2d at 173 (W. Va. 1959). A plaintiff is entitled to recover damages for the loss or impairment of the services and society of his or her spouse where the loss results from injuries to the spouse caused by the tortfeasor. Id. Similarly, a cause of action for parental consortium recognizes a child's right to "the intangible benefits of the companionship, comfort, guidance, affection and aid of the parent." Belcher, 400 S.E.2d at 834. A minor child has a cause of action for loss of parental consortium against a tortfeasor who "seriously injures such child's parent, thereby severely damaging the parent-child relationship." Id. at 841.

UFI primarily relies on Carpenter v. Lowe's Home Centers, Inc., 2006 WL 3408105 (S.D. W. Va. Nov. 22, 2006) and Belcher v. Goins, 400 S.E.2d 830 (W. Va. 1990) to support its contention that a cause of action for loss of consortium lies only where some physical injury to the parent or spouse is alleged. Both cases are distinguishable from the one at hand. In Carpenter, plaintiff

Davinda Carpenter, and her husband, Ray Carpenter, brought suit against Lowe's Home Centers, Inc. ("Lowe's") for injuries Mrs. Carpenter allegedly sustained while employed at Lowe's. Both Mr. and Mrs. Carpenter asserted, inter alia, loss of consortium claims. Mrs. Carpenter's loss of consortium claim was dismissed for failure to state a claim. UFI contends that the Court dismissed Mrs. Carpenter's claim "<u>expressly because</u> there was no physical injury alleged." (Def.'s Reply Br. at 2.) However, the absence of an alleged physical injury, as opposed to a mental or emotional injury, was not dispositive in <u>Carpenter</u>. Rather, Mrs. Carpenter's loss of consortium claim was dismissed because there was no allegation that Lowe's caused a primary and underlying injury to her husband such that a derivative claim for loss of consortium could be maintained. Indeed, the only party that the plaintiffs allege was <u>directly</u>, rather than derivatively, injured by Lowe's was Mrs. Carpenter. In contrast, the plaintiffs in this case have alleged that UFI injured Mr. Lucas and that the claims of his wife and children for loss of consortium are derivative of the alleged initial injury to Mr. Lucas.

Equally unavailing is UFI's argument that <u>Belcher v. Goins</u> "made clear that a child's claim for loss of parental consortium will only lie where the defendant caused the parent serious <u>physical</u> injury." (Def.'s Reply Br. at 3.) The <u>Belcher</u> decision recognizes the right of a child to recover parental consortium

7

against a tortfeasor who injures, but does not kill, the child's parent. The facts before the Court in <u>Belcher</u> involved physical injury to the mother of the plaintiff minor child. Thus, the Court did not have occasion to address whether mental or emotional injury would suffice to support a claim for loss of consortium. Nothing in the substance or dicta of the <u>Belcher</u> decision can be construed to limit loss of consortium claims to those based on physical injuries to a spouse or parent, rather than mental or emotional ones.

Despite UFI's arguments to the contrary, West Virginia courts have not directly addressed the question of whether physical injury is necessary to support a cause of action for loss of consortium. In a diversity action, when state law is unsettled, a federal court must attempt to predict how the state's highest court would rule if confronted with the issue. <u>See</u> <u>Comm'r of Internal Revenue v. Estate of Bosch</u>, 387 U.S. 456, 465 (1967); <u>Mills v. GAF Corp.</u>, 20 F.3d 678, 681 (6th Cir. 1994)("[w]here the state supreme court has not spoken, our task is to discern how that court would respond if confronted with the issue"). A survey of other jurisdictions reveals that state courts are divided regarding the nature of injuries required to sustain a loss of consortium claim. In some jurisdictions, a claim for loss of consortium fails in the absence of physical injury. <u>See e.g.</u> <u>Collins v. Willcox, Inc.</u>, 600 N.Y.S.2d 884 (1992)(noting the speculative nature of determining

damages for mental and emotional injuries); <u>Slovensky v. Birmingham News Co., Inc.</u>, 358 So.2d 474 (Ala. App. 1978)(holding that action for wrongful termination of husband does not support loss of spousal consortium claim by wife in the absence of physical injury). In other jurisdictions, physical injury is not required. <u>See e.g.</u> <u>Molien v. Kaiser Foundation Hosps.</u>, 27 Cal.3d 916 (1980)(recognizing that certain psychological injuries can be as severe or even more severe than physical injuries); <u>Roche v. Egan</u>, 433 A.2d 757 (Me. 1981)(stating that the court perceived no reasoned basis for a holding that would make physical injury a touchstone for recovery for loss of consortium); <u>Exxon Corp., USA v. Schoene</u>, 508 A.2d 142 (Md. App. 1986)(stating that the better reasoned position is to permit a loss of consortium claim predicated on mental or emotional injury without accompanying physical harm).

This Court believes that, if confronted with the issue, the West Virginia Supreme Court of Appeals would adopt the latter position. In <u>Belcher</u>, the Court, in determining whether to permit loss of parental consortium claims for nonfatal injuries to the parent, favorably quoted language that acknowledges the potential impact of both physical and mental injuries: "[i]t is common knowledge that a parent who suffers serious physical or <u>mental</u> injury is unable to give his [or her] minor children the parental care, training, love and companionship in the same degree as he [or

9

she] might have but for the injury." 400 S.E.2d at 836 (citing Hoffman v. Dautel, 368 P.2d 57 (Kan. 1962))(emphasis added). Indeed, as courts permitting loss of consortium claims based upon mental injuries have recognized, an emotional injury may be as severe and debilitating as physical harm and is no less deserving of redress.³ See Molien, 27 Cal.3d at 933.

Accordingly, this Court finds that the plaintiffs' allegations, in response to UFI's partial motion to dismiss, that Mr. Lucas has suffered mental and emotional injuries are sufficient to withstand a motion to dismiss their loss of spousal and parental consortium claims.

B.  Plaintiffs' Motion to Dismiss Defendant's Counterclaim

In its counterclaim, UFI alleges that while Mr. Lucas was employed as a Plant Manager for UFI, he usurped one of UFI's job opportunities for himself. Specifically, UFI contends that Mr.

---

³To the extent that UFI argues that loss of consortium claims must be based on physical injury because of the potential difficultly in determining damages for mental and emotional injuries, such argument does not convince this Court that a bar to loss of consortium claims premised on mental and emotional injuries is warranted. Indeed, "[w]hen the injury is emotional rather than physical, the plaintiff may have a more difficult task in proving negligence, causation, and the requisite degree of harm; but these are questions for the jury, as in all litigation for loss of consortium." Molien, 27 Cal. 3d at 933.

Additionally, the Court in Belcher rejected the argument that a difficulty in assessing damages should bar a loss of parental consortium claim for a nonfatal injury to the parent. 400 S.E.2d at 839. The court stated that "[a] factfinder's calculation of damages for a minor child's loss of parental consortium is not any more difficult than the calculation necessary for indeterminate damages in other actions . . . ." Id.

Lucas was approached by an existing customer of UFI, Touchstone Research Laboratory ("Touchstone"), regarding a job fabricating CFOAM, a structural material made from coal. Mr. Lucas allegedly advised UFI's president that UFI was unable to do the work proposed by Touchstone and then performed the work for Touchstone himself or through a company he owned. The plaintiffs argue that UFI's counterclaim should be dismissed for failure to state a claim because Mr. Lucas owed no duty of loyalty to UFI. The plaintiffs contend that Mr. Lucas's employment contract contained no express duty of loyalty. In the alternative, if the Court finds that no employment contract existed, the plaintiffs argue that at-will employees do not owe a duty of loyalty to their employers.

The plaintiffs misapprehend the law regarding employer/employee relationships. It is a general principle of agency that an agent or employee is bound to exercise the utmost good faith, loyalty, and honesty toward his or her principle or employer. 3 Am. Jur. 2d Agency § 205. Regardless of title, an employee who has the decision making power to turn away customers has an attendant fiduciary duty to use that power for the benefit of the employer. See Pomeroy, Inc. v. Four Jaks, Inc., 11 Fed. Appx. 275 (4th Cir. 2001)(unpublished). Indeed, an employee is prohibited from using an employer's property for personal advantage and from deriving secret profits by virtue of the employment relationship. Gaston v. Wolfe, 53 S.E.2d 632 (W. Va. 1949).

11

The cases relied on by the plaintiffs to defeat UFI's duty of loyalty counterclaim are inapposite; indeed they address an entirely different question of duty that is not at issue in this action. See Shell v. Metropolitan Life Ins. Co., 396 S.E.2d 174 (W. Va. 1990)(holding that employer does not have an implied duty to act in good faith when discharging an at-will employee provided that the employer's motivation for the termination does not contravene substantial public policy); Miller v. Massachusetts Mutual Life Ins. Co., 455 S.E.2d 799 (W. Va. 1995)(same). Accordingly, the plaintiffs have not presented any authority in support of their contention that an employee owes no duty of loyalty to his or her employer. Further, to the extent that the plaintiffs argue that the counterclaim should be dismissed because UFI would have been unable to do the work proposed by Touchstone, ability to perform work is a question of fact that cannot properly be resolved on a motion to dismiss. The plaintiffs' motion to dismiss defendant's counterclaim must be denied because the facts alleged in the counterclaim do not clearly demonstrate that the defendant is not entitled to any relief under the law.

## V. Conclusion

For the above-stated reasons, the defendant's partial motion to dismiss is GRANTED IN PART and DENIED IN PART. Counts V and XI of the plaintiffs' complaint are DISMISSED. Counts IX and X

survive the defendant's partial motion to dismiss.  Additionally, the plaintiffs' motion to dismiss counterclaim is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    August 29, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE