IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID LUCAS and SUSAN LUCAS,
personally and as the next
friend of their natural
children, TAYLOR B. LUCAS
and BLAIR N. LUCAS,

        Plaintiffs,

v.                                          Civil Action No. 5:06CV154
                                                                (STAMP)
UNITED FABRICATING, INC.,
a Pennsylvania corporation,

        Defendant.


                **ORDER SCHEDULING INFANT SETTLEMENT HEARING**

    This Court has been advised that the parties have reached a settlement of all matters in controversy in this civil action including, but not limited to, an infant plaintiffs' claims for loss of parental consortium and that, therefore, Court approval of this settlement pursuant to the applicable West Virginia statute is necessary.

    Accordingly, this Court hereby appoints Timothy M. McKeen of Wheeling, West Virginia, a practicing member of the bar of this Court, to serve as guardian ad litem for Taylor B. Lucas and Blair N. Lucas, infants, and it is ORDERED that plaintiffs, Taylor B. Lucas and Blair N. Lucas, by Timothy M. McKeen, their guardian ad litem, and counsel for all plaintiffs, and defendant, by counsel, appear before the Court on **November 27, 2007 at 8:00 a.m.** in Wheeling, West Virginia, for an infant settlement hearing.  The parties should file a motion or petition for approval of the infant

settlement on or before **November 20, 2007**.  The guardian ad litem should file, if possible, a response to the motion or petition for approval of settlement with this Court on or before **November 23, 2007**.

The undersigned judge is currently scheduled to be in trial on the date of the infant settlement hearing.  In the event that the trial is not held on this date, the infant settlement hearing will be rescheduled to **9:00 a.m. on November 27, 2007** by separate order.

In connection with this hearing, the Court may also consider a request for attorney's fees, should such a request be made, for legal work performed on behalf of the infant plaintiff.  See Statler v. Dodson, 466 S.E.2d 497 (W. Va. 1995) (requiring court before awarding attorney's fees to determine if legal employment is "reasonably necessary," if contract for employment was fair and reasonable, and if legal fees requested were reasonable in relation to legal services performed.)  In determining attorney's fees, the Court shall follow the twelve factor test adopted by the West Virginia Supreme Court of Appeals in Aetna Casualty & Surety Co. v. Pitrolo, 176 W. Va. 190, 342 S.E.2d 156, 162 (1986); see also Donnarumma v. Barracuda Tanker Corp., 79 F.R.D. 455 (C.D. Cal. 1978) ("[w]here minors are involved, quantum meruit is a favored approach of courts discharging their responsibilities to zealously safeguard the interest of minors"); see additionally Stafford v. Bishop, 98 W. Va. 625, 127 S.E. 501 (1925).   The Court shall not

be bound by any contingent fee agreements in determining the appropriate fees. <u>Donnarumma</u>, 79 F.R.D. at 469.

The Clerk is directed to transmit copies of this order to counsel of record herein and to Timothy M. McKeen, guardian ad litem.

DATED: November 13, 2007

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE